Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JASON PURIN INSTALLATIONS, INC. *dba* CAPITAL GLAZING CONTRACTORS, INC., a California corporation, <br><br> Defendant. | Case No.: C14-4360 JST <br><br> **FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION; and [PROPOSED] ORDER THEREON** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation" or "Judgment") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs Northern California Glaziers, Architectural Metal and Glass Workers Pension Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Jason Purin Installations, Inc., *dba* Capital Glazing Contractors, Inc., a California corporation ("Defendant"), and/or alter egos and/or successor entities, as follows:

1. Defendant is signatory to and bound by the terms of a valid Collective Bargaining Agreement with the District Council No. 16 of the International Union of Painters and Allied

Trades and the Northern California Glass Management Association ("Bargaining Agreement"). The Bargaining Agreement is still in full force and effect.

2. Jason Michael Purin ("Guarantor") confirms that he is authorized to enter into this Stipulation on behalf of Defendant and confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation. Guarantor further confirms that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. Defendant/Guarantor and all such entities shall specifically consent to the Court's jurisdiction, in writing, at the time of any assignment, affiliation or purchase, as well as to all other terms herein. Defendant/Guarantor hereby also consents to the use of a Magistrate Judge in any and all proceedings, including, but not limited to the entry of Judgment herein.

3. Defendant has become indebted to the Trust Funds as follows:

| **Original Stipulated Judgment[1]** | | | |
|---|---|---|---|
| Conditional amount due (Original Stipulated Judgment): | $129,846.66 | | |
| Principal payments: | *(-$64,911.36)* | | |
| **Conditional balance remaining due on Original Amended Judgment:** | | $64,935.30 | |
| Additional 5% Interest on Conditional balance (10/1/14-3/13/15): | | $1,459.60 | |
| Conditionally-waived LDs (Original Judgment): | | $25,130.91 | |
| Attorneys' fees (9/29/14 – 3/12/15): | | $3,227.00 | |
| Costs (9/29/14 – 3/12/15): | | $150.15 | |
| **Subtotal (Original Judgment balance):** | | | **$94,902.96** |
| **Additional Contributions Due** | | | |
| Unpaid 1/15 contributions: | | $96,208.05 | |
| 20% LDs on 1/15 contributions: | | $19,241.61 | |
| 5% Interest on 1/15 contributions | | $171.34 | |

---

[1] This is the balance currently remaining due on the October 15, 2014 Judgment Pursuant to Stipulation between the parties.

| | | |
|---|---|---|
| (3/1/15-3/13/15): | | |
| **Subtotal (Additional Contributions Due):** | | **$115,621.00** |
| **FIRST AMENDED JUDGMENT TOTAL:** | | **$210,523.96** |

4. Defendant/Guarantor shall *conditionally* pay the amount of **$166,151.44**, representing all of the above amounts, less liquidated damages in the amount of **$44,372.52**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on **March 31, 2015**, and on or before the last business day of each month thereafter for a period of twelve (12) months, through and including February 29, 2016, Defendant/Guarantor shall pay to Plaintiffs the amount of **$14,223.81** per month;

(b) Payments may be made by joint check, to be endorsed by Defendant prior to submission. Payments made by joint check may be applied toward Defendant's monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

(c) Defendant/Guarantor shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from March 14, 2015, at the rate of 5% per annum in accordance with the Bargaining Agreement and Plaintiffs' Trust Agreements;

(e) Checks shall be made payable to the *District Council 16 Northern California Trust Funds*, and delivered on or before each due date to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs;

(f) Plaintiffs may require that Defendant pay electronically by wire transfer;

(g) At the time that Defendant/Guarantor makes the twelfth (12th) stipulated payment, Defendant/Guarantor may submit a written request for waiver of their liquidated damages

1 directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their twelfth (12th) payment. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current;

   (h)   Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant/Guarantor in writing, by first class mail and email, as to the final amount due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant/Guarantor shall pay all additional interest, attorneys' fees and costs regardless of whether or not Defendant defaults herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the final stipulated payment due on February 29, 2016; and

   (i)   Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

   5.   In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant/Guarantor is responsible, Defendant shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendant/Guarantor, by first class mail and email, to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant/Guarantor elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

   6.   Beginning with contributions due for hours worked by Defendant's employees during the month of February 2015, and for every month thereafter until this Judgment is satisfied, **Defendant shall remain current in reporting and payment of contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining

Agreement and Trust Agreements provide that all benefit contributions are due on or before the fifteenth (15th) day of the month following the month in which hours were worked and are delinquent if not received by the last business day of that month.

Until this judgment is satisfied, Defendant shall **submit all monthly contribution reports and payments directly to Saltzman and Johnson Law Corporation.** The reports and payments shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, by the last business day of each month. Defendant shall send copies of its contribution reports and payments to the Trust Funds. Plaintiffs may require that Defendant pay contributions electronically by wire transfer. Failure by Defendant to timely submit current contribution reports and payments, or a report of "no employees" if applicable, shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

7. Beginning with the month of February 2015, and for every month thereafter, **Defendant shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendant's updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, or via facsimile to (415) 882-9287, or via e-mail to compliance@sjlawcorp.com, by the last business day of each month.

This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant has no work to report during a given month, Defendant shall submit the job report form (Exhibit A) indicating that there are no current jobs. **Defendant's first job report (regarding March 2015**

1 | jobs) is due on or before March 31, 2015.

2 Failure by Defendant to timely submit fully completed monthly job reports and Certified Payroll Reports (if requested and applicable) as described above shall constitute a default of the obligations under this Stipulation and the terms of ¶ 11 shall apply.

8. **Audit:** Should the Trust Funds request a further audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreements, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement, which Defendant shall have ten (10) days to cure from receipt of written notice from Plaintiffs.

(a) In the event that amounts are found due on further audit, Plaintiffs shall send a written demand to Defendant by first class mail and email, for payment in full of the amounts found due in the audit, including a full copy of the audit report and any findings, including contributions, liquidated damages, interest and audit fees owed.

(b) Defendant will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings. In the event that Defendant does not agree with the total found due, Plaintiffs shall provide any additional information or clarification requested by Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably possible, and Defendant's time to respond to the audit report or comply with payment requirements shall then run from the time that Defendant receives Plaintiffs' response. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

(c) If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised billing.

(e) If Defendant is unable to make payment in full, Defendant may submit a

written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms herein. If the Stipulation is so revised, Defendant shall execute the Third Amended Judgment or Third Amendment to Judgment within ten (10) days of Plaintiffs' preparation of same. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f) Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

9. Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

10. Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

11. In the event that Defendant/Guarantor fail to make any payment required herein, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a) The entire balance of **$210,523.96**, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the

term of this Stipulation;

  (b) A Writ of Execution may be obtained against Defendant/Guarantor without further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default;

  (c) Defendant/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor; and

  (d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

  12. Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

  13. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

  14. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

  15. This Stipulation is limited to the agreement between the parties with respect to the

1  unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to
2  Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.
3  Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability
4  claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs'
5  Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable
6  laws and regulations.

7      16.    This Stipulation contains all of the terms agreed to by the parties and no other
8  agreements have been made. Any changes to this Stipulation shall be effective only if made in
9  writing and signed by all parties hereto.

10      17.    This Stipulation may be executed in any number of counterparts and by facsimile,
11  each of which shall be deemed an original and all of which shall constitute the same instrument.

12      18.    Defendant/Guarantor represent and warrant that they have had the opportunity to be
13  or have been represented by counsel of their own choosing in connection with entering this
14  Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with
15  care and are fully aware of and represent that they enter into this Stipulation voluntarily and without
16  duress.

17      19.    The parties agree that the Court shall retain jurisdiction of this matter until this
18  Judgment is satisfied.

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

Dated: March 25, 2015                    **JASON PURIN INSTALLATIONS, INC.** *dba*
                                         **CAPITAL GLAZING CONTRACTORS, INC.**

                                         By:  _____/S/_____
                                              Jason Michael Purin, CEO/RMO/President

Dated: March 25, 2015                    **JASON MICHAEL PURIN**

                                         By:  _____/S/_____
                                              Jason Michael Purin, Individually as Guarantor

Dated: March 25, 2015                    **VINCE ECHEVERRIA**

                                         By:  _____/S/_____
                                              Vince Echeverria, Trustee for Plaintiffs

Dated: March 25, 2015                    **JOHN MAGGIORE**

                                         By:  _____/S/_____
                                              John Maggiore, Trustee for Plaintiffs

Dated: March 26, 2015                    **SALTZMAN & JOHNSON**
                                         **LAW CORPORATION**

                                         By:  _____/S/_____
                                              Michele R. Stafford
                                              Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: __March 31_____, 2015        _____
                                         UNITED STATES DISTRICT COURT JUDGE
                                         HON. JON S. TIGAR

-10-
**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C14-4360 JST**

P:\CLIENTS\GLACL\Capital Glazing\Pleadings\Payment Plan\First Amended Stipulated Judgment 032015.docx

## EXHIBIT A
## *JOB REPORT FORM*

**Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation
by the last business day of each month**
at 44 Montgomery Street, Suite 2110, San Francisco, California 94104,
via facsimile to (415) 882-9287, or via e-mail to compliance@sjlawcorp.com

**Employer Name: JASON PURIN INSTALLATIONS, INC.
*dba* CAPITAL GLAZING CONTRACTORS, INC.**

Report for the month of _____, 20__ Submitted by: _____

| | |  | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** Attach additional sheets as necessary ***